UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-mj-943 (ECW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION** |
| | ) | |
| CARSON THOMAS MCCOY, | ) | |
| | ) | |
| Defendant. | ) | |

On November 17, 2022, the defendant appeared in custody for a detention and preliminary hearing following his November 15, 2022 initial appearance on a criminal complaint charging him with Possession of a Firearm by an Ineligible Person in violation of 18 U.S.C. § 922(g)(1). The defendant appeared in custody and was represented by Assistant Federal Defender Matthew Deates. The United States of America was represented by Assistant United States Attorneys Mary S. Riverso and Jordan L. Sing. The Court advised the defendant of the procedural posture of this matter, his constitutional rights, and his right to consult with his appointed counsel. *See* 18 U.S.C. § 3142; Fed. R. Crim. P. 5.1. The defendant ultimately elected to waive both the issues of probable cause and detention pending trial. Based on that waiver, the other filings in this matter, and the bond report, the Court concludes that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. Accordingly, the Court grants the government's motion for detention pending trial.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     The defendant is charged by complaint with one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g) and 924(a)(8).  (Dkt. 2.)  This charge carries a maximum term of imprisonment of 15 years and a $250,000 fine.

2.     The nature and circumstances of the charged conduct are as follows.  The complaint alleges that on or about August 10, 2022, the defendant arrived at a residence in Ham Lake, Minnesota in a black BMW.  According to the complaint, the defendant previously stole the black BMW from a local car dealership.   The defendant obtained the vehicle under false pretenses by presenting an identification card that was not his to facilitate a test drive of the vehicle and never returned it.   Upon arrival at the Ham Lake residence, the defendant entered the residence by prying open the front door open.   The defendant proceeded to steal numerous items, including Springfield Armory .45 caliber Model XD Mod-2 pistol bearing serial number GM439089, two loaded ammunition magazines, and $1,500 in cash.   The defendant then left the residence in the stolen black BMW.

3.     Less than 30 minutes later, law enforcement officers responded to a report of shots fired involving the same black BMW.   According to the complaint, the black BMW had nearly collided with three motorcyclists.   Someone in the black BMW thereafter opened fire on the motorcyclists through the sunroof of the vehicle.   The responding law enforcement officers located the vehicle shortly thereafter, but the vehicle fled.   It eventually collided with a patrol vehicle and crashed into a tree.   The defendant and a

female passenger were taken into custody. A subsequent search of the black BMW recovered the .45 caliber Springfield Armory handgun that had been stolen from the residence in Ham Lake, a Bersa .380 caliber handgun with an obliterated serial number, apparent illicit narcotics, U.S. currency, mail from 12 different residential addresses, and the false Minnesota identification card that the defendant used to test drive the black BMW.

4.     The complaint further alleged that the defendant knew he previously had been convicted of numerous felonies punishable by a term of imprisonment exceeding one year. These included burglary, flight of a peace officer, and fraud. According to the complaint, because of these convictions, the defendant could not lawfully possess a firearm. For this reason, the complaint charged the defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1).

5.     The defendant's criminal history includes theft, residential burglary, assault, and the possession of controlled substances. The defendant also has history of repeatedly failing to appear for court appearances as required. Although the defendant has considerable ties to the community, he currently is unemployed and admitted to significant daily struggles with substance abuse.

6.     At the November 17 hearing, the defendant knowingly and voluntarily waived his right to contest the probable supporting the charges in the complaint and to contest the government's motion for detention pending trial. Accordingly, the Court found probable cause to support the allegations in the complaint and concluded that there is no condition or combination of conditions for the defendant's release that will reasonably ensure the appearance of the defendant as required at future Court proceedings and the

safety of any other person or the community.   *See* 18 U.S.C. § 3142(e)(1); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## ORDER

1.     The motion of the United States for detention pending trial is **GRANTED**;

2.     The defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.     The defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4.     Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated: November 26, 2022          *s/Elizabeth Cowan Wright*
                                  Hon. Elizabeth Cowan Wright
                                  United States Magistrate Judge